TAYLOR YOUNG *v.* WM. D. GUDGELL.

**Minor—Failure to Appoint Guardian.**

It is reversible error to render a judgment against a minor without having a guardian appointed to defend for him.

**Minor's Contract, Enforcable When—Evidence.**

The purchase of a horse by a minor to operate a farm upon which he was living as the head of a family, and from the use of which a support for himself and family was obtained; and the jury believed that the purchase by the minor of the house was necessary for the minor's use, though while he could not bind himself by the execution of a note therefor, the law will bind him to pay the reasonable value of the horse; and what he promised to pay for the horse, will be competent evidence conducing to show its value.

APPEAL FROM FLEMING CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

The judgment was rendered in the court below against appellant, who was at the time a minor, without the appointment of a guardian to defend for him, contrary to the 55 *Section of the Civil Code,* which is an error available for reversal in this court, as was held in the case of *Pond vs. Dougherty* 18 *B. M.* 558.

It is proved by Williams, statutory guardian for appellant, that he was married and had one child, was living to himself on a farm purchased for him by the witness, that he was cultivating his farm, and managing it as he pleased when he purchased the mare, for the price of which, the note was given, that he used and worked her in making his crop, for which purpose she was suitable, and useful, and from the evidence of Mr. Weis it appears he sold her, and realized more for her than he promised to pay. If the jury from the evidence believe the foregoing facts and that the mare was necessary for the use of appellant, situated as he was, while he could not bind himself by the execution of a note, still the law will bind him to pay the reasonable value of the mare to appellee, and what he promised to give, for her, will be competent evidence conducing to show her value.

But for the failure to appoint a guardian to defend for appellant the judgment must be reversed and the cause remanded for a new trial and for further proceedings consistent with this opinion.

*Curd,* for appellant.

*Stanton & Throop,* for appellee.